No. 825.

ROBERT H. LITTELL et al. *v.* HENRIETTA WACKERHAGEN.

A vendor can not contest his own acts. On the contrary, he is bound to warrant their legality.

If the defendant in this case had title to the whole of the property she caused to be sold, her title was divested by the sale which she provoked, and the interest she acquired in it as one of the purchasers thereof is only the interest of a coproprietor. This interest is joint, and her right to the possession, use and enjoyment thereof is also joint, not exclusive.

APPEAL from the Eighth Judicial District Court, parish of St. Landry King, J. *Bailey & Estillette, Henry L. Garland*, for plaintiffs and appellees. *Lewis & Bro.*, for defendant and appellant.

MORGAN, J. In the suit of Henrietta Wackerhagen *v.* Augustus W. Littell et als. Robert H. Littell, Joseph Block and Henrietta Wacker-

34

hagen purchased certain lands, mules, and other property, belonging to the defendants in execution. The purchase was made in the interest of one undivided third to each of the purchasers.

Subsequent to the sale, Mrs. Wackerhagen got possession of the mules,. carts, etc., which were sold under the execution issued in the case above mentioned, and proposed to remove them. She has been injoined.

Answering the petition of injunction, she sets up title in herself to the property of which she claims to be the owner, under title from her son, which she alleges she acquired from him, anterior to the sheriff's. sale. But, it seems to us, she forgets that the property was sold under execution issued by herself, and that she not only stood by and saw the property, which she now claims as her own, sold, but that she caused the sale thereof. In this sense she is a vendor, and can not contest her own acts. On the contrary, she is bound to warrant their legality. If she had title to the whole of the property sold, her title was divested by the sale which she provoked, and her interest in it now, she being. one of the purchasers thereof, is only the interest of a coproprietor. This interest is joint, and her right to the possession, use and enjoyment thereof is also joint, not exclusive. Therefore, the judgment perpetuating the injunction which prohibits her from removing it from the property to which it was affixed by destination, and exercising absolute control over, and possession of it, is correct.

Judgment affirmed.